Colcock, J.
It does not admit of a question that if the defendant has a title from one of tbe distributees of Jesse Allen, he is a tenant in common, and cannot be sued by the plaintiff, unless he had disseised him or kept him out of pos' session. -Two questions then arise;
1st. Whether the deed of William Allen was executed in the presence of two witness'” and
2ndly. Whether tbe deed should have been recorded?
From the report of the presiding judge, it appears that Boatwright does not swear he was not a witness; and all the circumstances of the case seem to shew that he was. Now it is very possible that any man, more particularly an illiterate one as he appears to be, may forget a transaction of this nature. But how could the magistrate have been mistaken) ■ ■ *207 There was nothing to contradict these facts. And the conclusion from them is irresistable, that there are two witnesses fa the deed
John Caldwell for the motion.
Harper, contra.
- On the second question, it is not necessary to the validity of a deed that it should be recorded. Recording Only becomes necessary in particular cases* when there are •double conveyances. If the same grantor convey to two, he whose deed is duly recorded shall hold. The act says (1 Brev. 174) if it be not recorded, it shall not bar “the right of persons claiming as creditors, or under subsequent purchases, recorded in the manner herein before prescribed.” That is, a subsequent purchase made from the same person.
. But here the deed of William Allen to Witt, for his part, which alone he could convey, is the only deed he has made. It is not therefore necessary to the defendant’s title in this case, that it should have been recorded. The defendant is not interfering with rights of the plaintiff. He can claim no other-part or portion of the land than William Allen’s share. The law never meant any thing so absurd as to say that if a man sold his land and made a title for it, which should not he recorded, that such title should be destroyed by another’s pairing a title to the same land and having it duly recorded.
The motion is dismissed.